(93 South. 220)

## HAUK v. STATE.  (8 Div. 917.)

(Court of Appeals of Alabama.  June 6, 1922.)

1. **Criminal law ☞260(11) — Conclusion of court below, trying facts on evidence ore tenus, will not be disturbed, unless against great weight of evidence.**

Notwithstanding Acts 1915, p. 940, § 3, providing that, on appeal of a criminal case tried by the court without a jury, the judgment on the evidence shall be reviewed without presumptions in favor of the court below, the rule is that, where the evidence was ore tenus, or partly so, and the trial court saw and heard the witnesses, the conclusion reached at the trial will not be disturbed, unless plainly contrary to the great weight of the evidence.

2. **Intoxicating liquors ☞236(5)—Conviction for violating the prohibition laws sustained.**

In a prosecution for violating the prohibition laws, evidence that accused, when arrested, was riding in a buggy with a jug of whisky under the flap of the seat, *held* to sustain a conviction.

Appeal from Circuit Court, Madison County; Robert C. Brickell, Judge.

Alvie Hauk was convicted of violating the prohibition laws, and he appeals.  Affirmed.

Douglass Taylor, of Huntsville, for appellant.

The facts did not authorize the finding made by the court.  85 South. 827; 17 Ala. App. 415, 85 South. 828; 17 Ala. App. 565, 86 South. 120; 17 Ala. App. 442, 85 South. 834; 64 South. 158.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J.  This defendant was tried in the circuit court of Madison county for violation of the prohibition law.  The trial was had by the court without a jury, and after hearing the evidence a judgment of guilty was rendered, and the defendant sentenced to serve a term at hard labor for the county.  From this judgment of conviction the defendant appeals, and relies upon the insufficiency of the evidence adduced upon the trial below against him to effect a reversal of said judgment.

The statute (Acts 1915, p. 939, § 3) provides that in the trial of a criminal case in the circuit court, by the judge of the court without the intervention of a jury, the defendant may present for review by bill of exception the conclusion and judgment of the court on the evidence, and that this court shall review same without any presumption in favor of the court below, and, if there be

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

error, shall render such judgment in the cause as the court below should have rendered, or reverse and remand same for further proceedings in the circuit court, as this court may deem right.

[1] Notwithstanding this statute, the rule well established is, where the evidence was ore tenus, or partly so, and the trial court saw and heard the witnesses, and had the opportunity of noting their demeanor upon the stand, the conclusion reached in such trial will not be disturbed, unless such conclusion is plainly contrary to the great weight of the evidence. In this case the evidence is practically without conflict. The defendant, together with another (also indicted, but not on trial), were riding in the defendant's buggy for several miles along the highway in Madison county, and in this buggy of defendant there was at the time a gallon of whisky in a jug, which was under the flap of the buggy seat.

As before stated, the defendant and the other party, Will Smoot, were riding in defendant's buggy, and Smoot's mule was hitched to this buggy, in which the whisky was found. One of the men owned the mule, the other the buggy, and at the time of the arrest, and for several miles before the arrest, both of these men were riding in the buggy with a gallon jug of whisky beneath them under the flap of the buggy seat. It is true that the defendant denied that the whisky was his, and also denied that he had any interest therein, and insisted that he had no knowledge whatever of the fact that the whisky was in the buggy. In this insistence he was borne out by his companion, Smoot, who claimed the whisky as his own, and testified that he put the whisky in defendant's buggy without the knowledge of the defendant.

[2] We think, if this case had been tried before a jury, that the evidence constituted a jury question, and that the case should have been submitted to the jury for its determination. We are of the opinion that the facts in this case and the inferences to be drawn therefrom would have authorized a verdict of guilt, and would have warranted the jury in so finding. This being true, we are unable and unwilling to declare and hold that the conclusion reached by the judge who tried this case is plainly contrary to the great weight of the evidence. We think that there was evidence in this case sufficient to justify and sustain the conclusion reached by the court. This being true, and this being the only question presented, and the record being free from error, the judgment appealed from is affirmed.

Affirmed.